IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kenneth Lamont Williams, | ) | |
| | ) | |
| Petitioner, | ) | Case No.: 2:11-cr-472-PMD-3 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____) | | |

Kenneth Lamont Williams ("Petitioner"), a federal prisoner proceeding *pro se*, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("Motion to Vacate") (ECF No. 2129). The United States (the "Government") has filed a motion to dismiss (ECF No. 2171), which this Court construes as a motion for summary judgment. For the reasons set forth herein, the Court grants the Government's motion in part and orders additional briefing.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner was one of twenty-five defendants named in an eighty-five count third superseding indictment. Attorney William Runyon represented Petitioner. In December 2012, Petitioner pled guilty after entering into a plea agreement with the Government. In the agreement, Petitioner agreed to waive his right to make any claims on direct appeal or in a § 2255 motion, except for claims of ineffective assistance of counsel or prosecutorial misconduct. In June 2013, the Court sentenced Petitioner to 360 months in prison.[1] Petitioner then appealed his convictions and sentence. The Fourth Circuit affirmed. *United States v. Williams*, 595 F. App'x 238 (4th Cir. 2015) (per curiam).

_____

1. The Court later reduced Petitioner's sentence to 324 months, in accordance with 18 U.S.C.§ 3582(c) and Amendment 782 to the United States Sentencing Guidelines manual.

Petitioner filed his § 2255 motion on February 25, 2016. The Court ordered the Government to file a response, and on May 16, the Government filed its motion. In addition to arguing that Petitioner's claims lack merit, the Government also argued that Petitioner waived his claims by pleading guilty. Petitioner filed a partial response on June 30, addressing only the Government's waiver arguments and requesting the opportunity to submit further briefing on any claims that the Court finds are not waived.

## APPLICABLE LAW

Petitioner proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). On a motion to vacate, set aside, or correct a sentence pursuant to § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In deciding a § 2255 motion, the district court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## STANDARD OF REVIEW

To grant a motion for summary judgment, the court must find that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-

2

moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991).

In applying this standard, the court is mindful that *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The liberal construction requirement, however, does not mean that the court can ignore a clear failure to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## ANALYSIS

At this juncture, the Court addresses only the Government's waiver arguments and Petitioner's responses thereto. The Government contends Petitioner waived many of his claims by signing the plea agreement. Petitioner does not dispute that the plea agreement's waiver provision is enforceable. Rather, he contends his claims fall outside the waiver's scope.

The Court finds that, through his plea agreement, Petitioner waived Ground 1 and Ground 2 of his § 2255 motion. In Ground 1, Petitioner claims the Court improperly applied what Petitioner calls a "death-resulting" sentencing enhancement. That claim does not involve ineffective assistance of counsel or prosecutorial misconduct, and thus it falls within the scope of the plea agreement's waiver provision. In Ground 2, Petitioner alleges his attorney provided ineffective assistance by not challenging that enhancement. Ground 2 is simply Ground 1 camouflaged as an ineffective-assistance claim. Petitioner cannot avoid the waiver provision simply by using phrases like "ineffective assistance" or "prosecutorial misconduct" to describe claims that he has waived. *See, e.g.*, *United States v. Gallipeau*, No. 3:08-cr-96-JFA, 2011 WL

4703101, at *4 (D.S.C. Oct. 6, 2011) (finding petitioner could not avoid plea agreement's waiver on sentencing challenges by "dress[ing them] up as ineffective assistance of counsel claims"). Accordingly, the Court dismisses those two related claims.

At this time, the Court cannot dismiss any other claims on the basis of waiver. Some appear to be true claims of ineffective assistance or prosecutorial misconduct, and thus are outside the scope of the waiver provision. Others might also be outside that scope, or they may be waived claims that Petitioner has "dressed up" as permissible claims. The Court therefore defers its decision until it receives further information about the nature of the remaining claims.

As mentioned above, Petitioner limited his response brief to the waiver issue and has asked for leave to submit an additional brief in the event the Court held his claims were not waived. The Court grants such leave. Petitioner may file a brief addressing all his claims except Ground 1 and Ground 2.

## CONCLUSION

For the foregoing reasons, the Government's motion to dismiss is **GRANTED IN PART**. Petitioner shall have until Friday, October 14, 2016 to file a supplemental brief as described above.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**September 28, 2016**
**Charleston, South Carolina**

4